U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
1045 _a_ M.
05125 _20 14_
_Deputy Clerk_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INFORMATION NO. CR114 057 |
| | ) | |
| v. | ) | VIO:  18 U.S.C. § 1028A |
| | ) | **Aggravated Identity Theft** |
| SEAN LYDELL STREET, | ) | |
| | ) | |
| Defendants. | ) | |

## PLEA AGREEMENT

Defendant Sean Lydell Street, represented by his counsel Andrew Holliday, and the United States of America, represented by Assistant United States Attorney C. Troy Clark, have reached a plea agreement in this case.  The terms and conditions of that agreement are as follows.

1.  <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to a one count Information charging a violation of 18 U.S.C. § 1028A, and will waive his right to indictment on this charge.

2.  <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One of the Information are (1) that the defendant knowingly transferred, possessed, or used, without lawful authority, a *means of identification* of another person; and (2) the defendant transferred, possessed, or used the means of identification of another person during and in relation to a violation of 18 U.S.C. § 1349 (Wire Fraud Conspiracy).

Defendant agrees that he is, in fact, guilty of the offense charged in Count One of the Information. He agrees to the accuracy of the following facts, which satisfy each of this offense's required elements:

Between December 2011 and February 2012, the exact dates being unknown, in Richmond County, within the Southern District of Georgia, the Defendant, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the name, birthdate, and social security number of an individual whose initials are K.B., during and in relation to a felony violation of Title 18, United States Code, Section 1349, specifically Conspiracy to Commit Wire Fraud; all done in violation of Title 18, United States Code, Section 1028A.

3. Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties for Count One of the Information: 2 years imprisonment to be served consecutive to any other term of imprisonment, 1 year supervised release, a $250,000 fine, and such restitution as may be ordered by the Court.

The Court additionally is obliged to impose a $100 special assessment for Count One of the Information.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the

2

government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.   Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.   Agreements Regarding Sentencing Guidelines

a.   Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on the defendant's timely notification of his intention to enter a guilty plea.

b.    Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    Restitution

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8.    Cooperation

a.    Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Information and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his

4

cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

      b.      <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence.  If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced.  The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.     <u>Waivers</u>

      a.      <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground.  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

      b.      <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.

      c.     <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.     <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings.  Defendant knowingly and voluntarily waives the protections of these rules.  If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.     <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of his guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another.  The United States is

authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

11.  Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including:  the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.  Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13.  Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence.  In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that

7

might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14.   Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

This **23** day of *April* , 2014.

EDWARD J. TARVER
UNITED STATES ATTORNEY


C. Troy Clark
Assistant United States Attorney


Nancy C. Greenwood
Deputy Chief, Criminal Division

8

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

4-7-14
_____
Date

_____
Sean Lydell Street, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

4/7/14
_____
Date

_____
Andrew Holliday, Defendant's Attorney

9

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                            *
        v.                *        CR 114-057
                            *
SEAN LYDELL STREET        *
                            *

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

**ORDERED** that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

**ORDER ENTERED** at Augusta, Georgia, this 29ᵗʰ day of May, 2014.

                                      HONORABLE J. RANDAL HALL
                                      UNITED STATES DISTRICT JUDGE
                                      SOUTHERN DISTRICT OF GEORGIA